IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 17-00111-KD-MU |
| | ) |
| WINFRED DAVEZ ODOM, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Winfred Davez Odom's letter which the Court construes[1] as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 175). Upon consideration, and for the reasons set forth herein, the motion is DISMISSED.

I. Factual and procedural background

Odom was charged with conspiracy to distribute and possess with intent to distribute methamphetamine (Count One) and possession with intent to distribute methamphetamine (Count Two) (doc. 1). He pled guilty to Count One and on January 17, 2020, was sentenced to imprisonment for a term of 120 months (doc. 161). His sentence was affirmed on appeal (doc. 173). Odom is now in the custody of the Federal Bureau of Prisons at Federal Prison Camp Pensacola, at Pensacola, Florida. His estimated release date is May 9, 2028.

Odom moves the Court to either assist him with "being placed on home confinement" or grant compassionate release. As grounds, he wants to go home to "get the medical treatment he needs" for his worsening vision problems, untreated tumor in his neck, and post-Covid 19 breathing problems. Odom argues that he cannot get the medical care he needs "due to the

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

complicated issues" and because the "medical staff is always pushed to their limit particularly during an outbreak of Covid 19." Odom also argues that over-population in the prison increases the risk of Covid 19, and he fears what may happen should he contract Covid 19 again. As an alternative ground for home confinement or compassionate release, Odom argues that he needs to be home to care for his mother, daughter, and son. He states that his daughter has depression, and his mother has diabetes-related blindness.

II. Motion for compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). Among the statutory options, Odom's motion appears to fall within 18 U.S.C. § 3582(c)(1)(A)(i), referred to as the compassionate release provision. The statute provides for reduction of a term of imprisonment and the possible imposition of supervised release with conditions, where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction" . . . and that such reduction is consistent with applicable policy statements issued by

the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Odom states that he plans to "formally file" a request for compassionate release "soon". His statement is unclear as to whether he plans to make a request to his Warden to file a motion on his behalf or whether he has already made a request to the Warden and plans to "formally file" a motion with the Court. Also, Odom does not indicate whether he has exhausted his administrative rights with the BOP. Thus, the Court cannot ascertain whether Odom has met either of the statutory procedural requirements. For this reason, his motion should be dismissed.

Additionally, regardless of whether Odom has met the statutory prerequisites, compassionate release is not warranted and for the following reasons, his motion would be denied. The statute provides that if there are "extraordinary and compelling" reasons, a defendant may obtain a reduced sentence after consideration of the factors set forth in 18 U.S.C. § 3553(a), and if the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).[2]

The Court of Appeals for the Eleventh Circuit has held that the applicable policy statement is U.S.S.G. § 1B1.13. United States v. Bryant, 996 F. 3d 1243, 1247 (11th Cir. 2021). The Policy Statement provides that

---

[2] Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

3

>Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>(1) (A) Extraordinary and compelling reasons warrant the reduction; or
>
>(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under § 3582(c)(1)(A). The defendant's medical condition may qualify if certain criteria are met. U.S.S.G. § 1B1.13 cmt. n. 1(A). Specifically, if the

>i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>(ii) The defendant is—
>
>>(I) suffering from a serious physical or medical condition,
>>
>>(II) suffering from a serious functional or cognitive impairment, or
>>
>>(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13 cmt. n. 1(A).

Odom does not allege that he is terminally ill. He does not allege that he has serious functional or cognitive impairments. He does allege that his medical conditions are worse, but he does not provide any evidence that his ability to care for himself within a correctional facility has been substantially diminished. Additionally, as to Odom's fear of contracting Covid 19 again, he has been transferred to FPC Pensacola, which has no reported cases of Covid 19.[3] https://www.bop.gov/coronavirus/ (last visited May 20, 2022).

Under the Application Notes, the district court may consider the defendant's age (at least 65 years old), and whether the defendant "is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id., cmt. n. 1(B). Since Odom is 40 years old, he does not fall within the parameters of this example. Additionally, he does not indicate that his physical or mental health is seriously deteriorating because of the aging process. Also, Odom began serving his sentence in January 2020 (doc. 161). Therefore, he has not served at least 75 percent of his 120-month sentence.

Also, Odom argues that he should be released to care for his mother, daughter, and son. Under the Application Notes, in relevant part, the district court may consider the death or incapacitation of the caregiver of the defendant's minor children. Id., at cmt. n. (1)(C). Odom alleges that his mother is the legal guardian of his teenage son, that she is blind due to diabetes, and he worries about his mother and his son if his mother "is no longer able to be there for him" (doc. 175, p. 2). However, he does not allege that she is incapacitated or that she is the only

---

[3] Odom does not indicate that he has been diagnosed with any health condition, such as obesity, which in concert with the presence of Covid 19 in the prison environment, may merit consideration for compassionate release.

caregiver available. As to Odom's minor daughter, he states that he needs to be home to help her with depression but does not indicate that her caregiver is dead or incapacitated. Accordingly, release based upon these circumstances would not be compatible with the Policy Statement.

Last, the district court may consider "Other Reasons", if there exists "in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)", as determined by the Director of the Bureau of Prisons. Id., cmt. n. (1)(D). The BOP generated Program Statement 5050.50 (January 17, 2019) which contains guidance as to extraordinary and compelling reasons for compassionate release that have been recognized by the BOP. However, none of the circumstances that Odom describes fall within the parameters of the Program Statement.

    III. <u>Motion for release to home confinement</u>

Odom also moves for release to serve the remainder of his sentence on home confinement. The Court construes[4] this motion as brought pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (March 27, 2020). Under the CARES Act, the Director of the BOP was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[5] On April 3,

---

[4] [4] <u>Daniele v. United States</u>, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[5] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to

2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), https://www.justice.gov/file/1266661/download

However, Congress did not give the Court authority to grant motions to serve the remainder of a sentence on home confinement, or to direct or order the BOP to place a prisoner in home confinement.  Instead, pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement".  Since the Court cannot grant the relief he seeks, Odom's motion is denied.  See United States v. Allen, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (finding that a "request for home confinement under the CARES Act is different from a reduction-in-sentence (RIS) request based upon compassionate release" and that the statutes which implement the CARES Act, 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541, "do not authorize a federal court to order the BOP to release a prisoner.").

**DONE** and **ORDERED** this 26th day of May 2022.

                                                   s / Kristi K. DuBose
                                                   **KRISTI K. DuBOSE**
                                                   **UNITED STATES DISTRICT JUDGE**

---

place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).